

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUNONG SAYSANAVONG,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                              Respondents. | Case No.: 3:25-cv-3624-CAB-DEB<br><br>**ORDER:**<br>**(1) DENYING PETITION FOR A WRIT OF HABEAS CORPUS [Doc. No. 1];**<br><br>**(2) GRANTING LEAVE TO FILE REPLY [Doc. No. 9]; AND**<br><br>**(3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 2].** |

Pending before the Court is Ounong Saysanavong's ("Petitioner") Petition for a Writ of Habeas Corpus, [Doc. No. 1 ("Petition")], and Motion for Temporary Restraining Order,

1

[Doc. No. 2 ("TRO")].  Respondents filed a response, [Doc. No. 8], and Petitioner filed a Reply, [Doc. No. 9].[1]  For the following reasons, the Petition and the TRO are **DENIED**.

## I.     BACKGROUND

Petitioner is a native of Laos who came to the United States in 1981.  [Petition at 3.] Petitioner's status was later adjusted to that of a lawful permanent resident.  [*Id.*]  On September 22, 2008, Petitioner was ordered removed because he was convicted in 2003 of a drug crime.  [*Id.* at 5–6.]  After detaining him for several months, Immigration and Customs Enforcement ("ICE") released Petitioner on an order of supervision because "Laos did not issue [him] travel documents."  [*Id.* at 6; *see also* Doc. No. 8 at 2.]

On November 12, 2025, Petitioner was re-detained to effect his removal to Laos. [Doc. No. 8 at 3.]  Respondents have now obtained "a travel document from the Embassy of the Lao People's Democratic Republic, dated December 8, 2025, authorizing Petitioner's removal to Laos for a 90-day period from the date of issuance, that is, by March 8, 2026."  [*Id.*]  Further, Respondents anticipate finding and booking a removal flight such that Petitioner's "removal will occur in January 2026."  [*Id.*]

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Petitioner bears the burden of demonstrating that "[h]e is in custody in

---

[1] The Court's scheduling order did not initially provide for a reply given the facts presented in the Petition.  [Doc. No. 4.]  However, given Respondents' assertions regarding the issuance of a travel document, the Court **GRANTS** Petitioner's request for leave to file a reply.  [Doc. No. 9.]

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    DISCUSSION

### A.    Jurisdiction

Respondents argue that the Court lacks subject matter jurisdiction over Petitioner's claims under 8 U.S.C. § 1252 because the claims arise from or seek to enjoin the decision to execute Petitioner's removal order.  [Doc. No. 8 at 5.]  The Supreme Court's holding in *Zadvydas* squarely contradicts this argument with respect to Petitioner's claims over the length of his post-removal-period detention. *Zadvydas v. Davis*, 533 U.S. 678 (2001). There, the Supreme Court rejected the application of § 1252 to limit judicial review of indefinite post-removal-period detentions under § 1231(a)(6) and held "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."  *Zadvydas*, 533 U.S. at 687–88.  This Court is thus satisfied of its subject matter jurisdiction and proceeds to the merits.

### B.    Lawfulness of Petitioner's Continued Detention Under 8 U.S.C. § 1231

Petitioner asserts that his detention is unlawful under 8 U.S.C. § 1231(a) and the Supreme Court's *Zadvydas* decision.  [Petition at 15–19.]  Respondents argue that even assuming Petitioner has been detained for more than six months after his final order of removal, he has not shown there is no significant likelihood of removal in the reasonably foreseeable future, as required under *Zadvydas*.  [Doc. No. 8 at 7.]

The Court agrees with Respondents.  Respondents have secured a travel document for Petitioner's removal to Laos, which they anticipate occurring in January 2026.

## IV.    CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's (1) application for a writ of habeas corpus and (2) motion for temporary restraining order.  The Court accordingly **RESCINDS** its prior order enjoining Petitioner's removal from the Southern District of California, [Doc. No. 4], so that Respondents may effect Petitioner's removal to Laos.

Finally, the parties are **ORDERED** to provide a joint status update by **<u>January 26, 2026</u>** regarding the status of Petitioner's removal.

It is **SO ORDERED**.

Dated:  December 29, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge